## Commonwealth, ex rel., v. Ashe, Warden

*John D. Meyer,* and *Spangler & Walker,* for Commonwealth.
*Vernon Hazzard,* for defendant.

RICHARDSON, J., September 10, 1934.—This matter comes before the court on a writ of habeas corpus. A hearing was had, at which time the following uncontroverted facts were brought to the attention of the court:

On April 8, 1912, the relator, Otto Rymeus, pleaded guilty to an indictment found in Washington County, Pennsylvania, which indictment charged in the first count, felonious breaking and entry and larceny, and in the second count, larceny. He was sentenced by the court of quarter sessions of that county to undergo an imprisonment in the western penitentiary for and during the period of not less than 2½ years or more than 10 years on the first count, and not less than 9 months or more than 3 years on the second count, the sentence on the second count to be computed from the expiration of the sentence on the first count.

Relator was paroled on February 24, 1917, having at that time served a period

of 4 years, 10 months and 16 days. On December 18, 1920, he was returned to the penitentiary for a violation of this parole, and was reparoled on April 2, 1923. On that date he had actually served 7 years and 2 months of the Washington County sentence. On February 19, 1926, relator was sentenced by the Court of Quarter Sessions of Allegheny County, Pennsylvania, to undergo imprisonment in the western penitentiary for and during the period of not less than 2 or more than 4 years, this sentence to run concurrent with the unexpired parole, which unexpired parole, it will be noted, was 5 years and 10 months. Relator was transferred from Pittsburgh to Rockview in 1929, from which place he escaped on March 30, 1930. On May 19, 1930, relator was found guilty of breaking and escaping from the penitentiary and sentenced by the Court of Quarter Sessions of Center County to undergo an imprisonment in the western penitentiary for and during the period of not less than 6½ or more than 13 years, to be computed from the expiration of the original sentence from Washington County.

On March 30, 1930, when relator escaped from Rockview, he had actually served in the penitentiary 11 years, 3 months and 11 days, and there was yet to be served of the maximum sentence from Washington County 1 year, 8 months and 19 days, which would have expired on December 19, 1931. The sentence of the Center County court was for a period of not less than 6½ years or more than 13 years. The minimum sentence would thus expire in 1938 and the maximum in 1945. The Allegheny County sentence had already been served prior to the time of the escape from Rockview.

The allegations of the petition are that the petitioner is unjustly confined because the sentence imposed by the Washington County and Center County courts were respectively excessive.

The sentence imposed in Washington County appears, by an examination of sections 103 and 135 of the Act of March 31, 1860, P. L. 382, 18 PS §§2771 and 3041, to have been lawful, and we can find no defect in this record. As to the Center County sentence, the third section of the same act, 18 PS §251, provides that a person found guilty of escaping "shall be sentenced to undergo an imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned, when he so broke prison and escaped".

The relator complains the sentence of the Center County court (Judge Fleming) is excessive, because the latter sentence is not in accord with the Washington County sentence, which, it will be noted, provided for a minimum of one fourth of the maximum. In addition, he produces a letter from Judge Fleming in which it is stated that at the time sentence was imposed on the indictment for escape, the sentence of the Washington County court was inadvertently overlooked or the reference thereto was erroneous. According to Judge Fleming, the sentence should have been the same as the original sentence, to wit, not less than 3 years and 3 months or more than 13 years. The relator, by Judge Fleming's sentence, must wait for 6½ years from the date of the expiration of the Washington County sentence before he is given an opportunity to secure a release on parole, instead of 3 years and 3 months, which would have been the minimum under the policy of the Center County court.

This court, however, cannot modify or amend the sentence of the Center County court, and the only question which we can consider is whether or not the relator is being unlawfully detained in the western penitentiary. While it is true that he is unfortunate in that the mistake may deprive him of an oppor-

tunity to present his plea for mercy to the prison authorities and the pardon board for 3¼ years later than would have been permitted had the Center County sentence been as intended, yet the question for this court to determine is whether or not that sentence as it appears on the records before us, is unlawful, recalling that the "maximum sentence is the only portion of the sentence which has legal validity, and that the minimum sentence is merely an administrative notice by the court to the executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined": Commonwealth v. Kalck, 239 Pa. 533.

It may be that the Center County court still retains jurisdiction to modify its sentence. This court, of course, has no such power. The relator will be remanded to the custody of the warden of the western penitentiary without prejudice to his right, if any he has, to have the matter reviewed by the Court of Quarter Sessions of Center County.