Clifford L. DETAR, Jr., Petitioner

v.

Jeffrey BEARD, Secretary PA Dept. of Corrections and David J. Wakefield Superintendant and S.C.I. Greensburg Inmate Records Office Supervisor, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 10, 2006.

Decided April 21, 2006.

Clifford L. Detar, Jr., petitioner, pro se.

Vincent R. Mazeski, Asst. Counsel and Michael A. Farnan, Chief Counsel for Corrections, Camp Hill, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Before this Court in our original jurisdiction is the preliminary objection of the Department of Corrections (DOC)[1] to a petition for review in the nature of mandamus filed by inmate Clifford L. Detar, Jr., representing himself. DOC challenges the legal sufficiency of the petition, asserting Detar lacks a clear right to the credit he seeks on his new state sentence. We sustain DOC's demurrer.

In his mandamus petition, Detar avers the following facts. While on state parole from prior criminal acts (original sentence), Detar was arrested and charged with burglary. Thereafter, Detar pled no contest to the burglary charge and received a 2 to 4–year prison sentence from the Court of Common Pleas of Clarion County (new state sentence).

Two months later, Detar pled guilty to a charge of unauthorized use of an automobile and received a 6 to 12–month prison sentence from the Court of Common Pleas of Allegheny County (new county sentence). Pursuant to his plea agreement, the Allegheny County court ordered Detar's new county sentence to run concurrent with his new state sentence.

Following his new convictions, the Pennsylvania Board of Probation and Parole (Board) ordered Detar to serve 15 months backtime as a technical and convicted parole violator on his original sentence.

Thereafter, by operation of Section 21.1(a) of the statute commonly known as the Parole Act,[2] Detar began serving his new county sentence. Detar served 10 months and 2 days before he was paroled to begin serving the backtime imposed on his original sentence. After completing his backtime, Detar began serving his new state sentence.

Upon the commencement of Detar's new state sentence, DOC issued a sentence calculation order granting Detar credit for time he served prior to sentencing, and calculating his new minimum and maximum sentence dates. DOC's calculation, however, did not give Detar credit for the 10 months and 2 days he served on his new county sentence.

Claiming DOC improperly calculated his new state sentence, Detar filed a petition for review in the nature of mandamus. In particular, Detar seeks an order directing DOC to *recalculate his new state sentence* in accordance with the concurrent *sentencing order in the new county sentence*, which supposedly results in a credit for the 10 months and 2 days he served on his new county sentence. He relies on *Parish v. Horn*, 768 A.2d 1214 (Pa.Cmwlth.2001).

In response, DOC filed a preliminary objection in the nature of a demurrer. In considering a demurrer, we must accept as true all well-pled material allegations in the petition for review, as well as all inferences reasonably deducible from the allegations. *Aviles v. Dep't of Corr.*, 875 A.2d 1209 (Pa.Cmwlth.2005). A demurrer must be sustained where it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain

---

1. The specific Respondents are Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections, and David J. Wakefield, Superintendent and S.C.I. Greensburg Inmate Records Office Supervisor.

2. Act of August 6, 1941, P.L. 861, *as amended, added by* Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a). Under Section 21.1(a), Detar is required to serve his new county sentence first, then the backtime imposed on his original sentence, and finally, his new state sentence. *See* Timothy P. Wile, *Pennsylvania Law of Probation and Parole* § 16:10 (2003 ed.).

the demurrer. *Kretchmar v. Commonwealth,* 831 A.2d 793 (Pa.Cmwlth.2003).

 A proceeding in mandamus is an extraordinary action at common law, designed to compel the performance of a ministerial act or mandatory duty. *Coady v. Vaughn,* 564 Pa. 604, 770 A.2d 287 (2001). The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. *Africa v. Horn,* 701 A.2d 273 (Pa.Cmwlth.1997). This Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy. *Coady.* Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. *Doxsey v. Bureau of Corr.,* 674 A.2d 1173 (Pa.Cmwlth.1996).

 Clearly, a writ of mandamus may lie to compel DOC to properly compute an inmate's prison sentence. *Saunders v. Dep't of Corr.,* 749 A.2d 553 (Pa.Cmwlth. 2000); *Doxsey.* "No one, however, has a right, and this Court, indeed, lacks the authority to compel an illegal act." *Doxsey,* 674 A.2d at 1175. Thus, mandamus is not available to compel calculation of an inmate's sentence that was illegal when originally ordered by the trial court. *Id.*

 DOC contends Detar lacks a clear right to the credit he seeks, and, therefore, his petition fails to set forth sufficient facts to establish a claim for mandamus. In addition, DOC strenuously argues *Parish* was wrongly decided, and invites us to revisit that decision.

In *Parish,* while on state parole, Parish committed additional criminal acts. He received (in this order): 1) a new county sentence; 2) a concurrent new state sentence; and 3) backtime on his original sentence as a convicted parole violator. Parish served his new county sentence first, followed by the backtime imposed on his original sentence, and finally, his new state sentence. After DOC refused to credit his new state sentence for time he served on his new county sentence, Parish filed a petition for review in the nature of mandamus. This Court granted Parish credit on his new state sentence explaining, the concurrent sentencing order did not violate Section 21.1(a) of the Parole Act because it did not permit Parish to serve a portion of his new state sentence before completing the backtime imposed; rather, by serving his new county sentence, the parolee simultaneously reduced his new state sentence by operation of a court order.

Upon review, we conclude Detar lacks a clear right to the credit he seeks for three reasons. First and foremost, the Allegheny County court did not, and could not, provide Detar credit on his new state sentence. This is because the Allegheny County court did not enter the new state sentence; rather, the new state sentence was previously entered by the Clarion County court. The Allegheny County court simply lacked the authority to alter, amend or order credit on Detar's preexisting new state sentence, which was entered in another county. *See* 42 Pa.C.S. § 9751 (the judge who presided over the proceedings shall impose the sentence); *see also Commonwealth v. Ashe,* 22 Pa. D. & C. 715 (C.P. Allegheny 1934) (court of one county cannot review sentence imposed in court of another county). As a result, Detar fails to aver sufficient facts to establish a clear right to the credit he seeks.

 Second, Detar fails to plead facts establishing DOC's authority to grant the credit at issue on his new state sentence. In this regard, we note, DOC is not

an adjudicative body. Rather, it is an executive branch agency charged with faithfully implementing the sentences imposed by the courts. *McCray v. Dep't of Corr.*, 582 Pa. 440, 872 A.2d 1127 (2005). As part of the executive branch, DOC lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. *Id.* Here, Detar does not aver the Clarion County sentencing order provided for credit on his new state sentence. In the absence of such an averment, DOC is without the authority to perform the recalculation on the new state sentence.[3]

Third, based on the facts as plead, our decision in *Parish* is inapposite. Here,

Detar is seeking credit on his new state sentence, which the Clarion County court imposed first. The new state sentence was not directed to be served concurrent with any other sentences. This is significantly different from the situation in *Parish*, where a new state sentence was entered second and was expressly declared to run concurrent with existing sentences. Moreover, in light of the express language of Section 21.1(a) of the Parole Act,[4] and the failure to address certain other cases,[5] the continued vitality of *Parish* is questionable.

Accordingly, we sustain DOC's preliminary objection in the nature of a demurrer and dismiss Detar's petition for review.

---

**3.** Detar also argues he is entitled to credit on his new state sentence based on this Court's decision in *Detar v. Bd. of Prob. & Parole* (No. 1894 C.D.2005, filed January 9, 2005). There, Detar sought credit on the backtime *imposed on his original sentence.* In denying Detar's appeal, this Court mentioned Detar received credit on his new state sentence for time he served on his new county sentence pursuant to *Parish.* As credit on Detar's *new state sentence* was not at issue in our prior decision, the statement constitutes *dictum,* and, therefore, carries no precedential effect. *See City of L. Burrell v. City of L. Burrell Wage & Policy Comm.*, 795 A.2d 432 (Pa.Cmwlth. 2002) (*dictum* has no precedential value).

**4.** Section 21.1(a) of the Act states, in relevant part (with emphasis added):

> *If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:*
>
> (1) *If a person is paroled from any State penal or correctional institution* under the control and supervision of the Department of Justice *and the new sentence imposed upon him is to be served in any such State penal or correctional institution.*
>
> (2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

> In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 P.S. § 331.21a.

**5.** In *Parish,* this Court allowed credit on a new state sentence to accrue before service of backtime on an original state sentence, despite the contrary provision in Section 21.1(a) of the Parole Act. In doing so, the Court analogized to credit for presentence custody. Unfortunately, the Court did not address a number of cases that prohibit transfer of such credit to sentences in other courts. *See Feilke v. Bd. of Prob. & Parole,* 167 Pa.Cmwlth. 381, 648 A.2d 121 (1994) (presentence custody is not given for commitment by reason of separate offense, and it cannot be earned against charges pending in other counties); *Doria v. Dep't of Corr.,* 158 Pa.Cmwlth. 59, 630 A.2d 980 (1993), *aff'd,* 539 Pa. 245, 652 A.2d 281 (1994) (defendant could not have presentence custody time in one county credited to his sentences in two other counties even though trial courts in two other counties ordered sentences to be served concurrently); *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa.Super. 443, 217 A.2d 772 (1966) (period of imprisonment in one county is credited only against charges there). The absence of such authority was an express basis for this Court's decision in *Parish.* 768 A.2d at 1216.

Moreover, we deny Detar's application for summary relief.[6]

Judge PELLEGRINI concurs in the result only.

### ORDER

AND NOW, this 21st day of April, 2006, the preliminary objection in the nature of a demurrer filed by the Department of Corrections is SUSTAINED, and Clifford L. Detar's petition for review is DISMISSED. Further, Detar's application for summary relief is DENIED.

---

**6.** Summary relief is proper where the moving party establishes the case is clear and free from doubt, there are no genuine issues of material fact to be tried and the movant is entitled to judgment as a matter of law. *Equitable Gas Co., a Div. of Equitable Res., Inc. v. Public Util. Comm'n,* 880 A.2d 48 (Pa. Cmwlth.2005). Here, because Detar's petition fails to aver sufficient facts to establish a claim for mandamus, he is not entitled to summary relief.