IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Butler,                                :
                            Petitioner     :
                                           :
            v.                             :   No. 271 M.D. 2017
                                           :   Submitted: January 26, 2018
Commonwealth of Pennsylvania,              :
Department of Corrections,                 :
Kathleen Brittain, Superintendent,         :
Kelly O'Kane, CCPM, Denise Stover,         :
Records Supervisor, of State               :
Correctional Institute at Frackville, PA   :
and Christopher Thomas, Director,          :
Phila, Prison System CMR Office,           :
                            Respondents    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: February 14, 2018


        Before this Court are cross-applications for summary relief seeking judgment in a petition for review (petition) filed in our original jurisdiction by Adam Butler (Butler), *pro se*, seeking a writ of mandamus to compel the Department of Corrections (Department)[1] to recalculate his prison sentence. For

---

[1] Butler's petition names as Respondents the Department of Corrections; Kathleen Brittain, Superintendent; Kelly O'Kane, CCPM; Denise Stover, Records Supervisor at SCI-
**(Footnote continued on next page…)**

the reasons that follow, we deny Butler's application and grant the Department's application.

On April 14, 2013, Butler was arrested on the charge of terroristic threats and he posted bail that same day. On October 10, 2014, the Philadelphia Municipal Court found Butler guilty and subsequently sentenced him to 16 to 32 months incarceration. He was committed to the Department's custody on February 17, 2015, to begin serving his sentence. Butler appealed and after a *de novo* hearing conducted by the Court of Common Pleas of Philadelphia County (common pleas), he was again found guilty and sentenced to 18 to 36 months incarceration.[2] It is undisputed that the sentencing order states "Credit for time served: Credit to be calculated by the [Department]." (Department's Application for Summary Relief, Exhibit A.) The resentencing order also states "[s]entence of incarceration to run consecutive to any sentence this defendant is now serving." (*Id.*)

On October 10, 2014, while out on bail on his terroristic threats charge, Butler was arrested and charged with intimidation of a victim/witness, terroristic threats and harassment (intimidation charges). Bail was set but Butler

---

**(continued…)**

Frackville; and Christopher Thomas, Director, Philadelphia Prison System CMR Office. For ease of reference, Respondents will hereinafter be referred to as "Department."

[2] The criminal docket sheet for Docket Number CP-51-CR-1558-2015 can be found at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0001558-2015, last visited January 25, 2018.

remained in jail because he was unable to make bail. On April 13, 2016, following a bench trial before common pleas, Butler was found not guilty and all charges were dismissed.[3]

To further complicate matters, on May 5, 2015, Butler was found guilty and sentenced by the Philadelphia Municipal Court to 12 to 24 months incarceration for charges of disorderly conduct and offensive weapons (disorderly conduct charges). Butler avers that this sentence was to run concurrently with his previous sentence for terroristic threats. Butler appealed and the common pleas heard his case *de novo*. On or about November 28, 2016, common pleas granted Butler's motion to suppress and dismissed all of the charges.[4]

Butler has remained continuously in prison since October 10, 2014, the date of his arrest on the intimidation charges. He is currently incarcerated at the State Correctional Institution (SCI) at Frackville.

When initially computing his sentence, the Department aggregated Butler's sentences for the terroristic threats (18 to 36 months) and disorderly conduct charges (12 to 24 months). Consequently, the Department's Form

---

[3] The criminal docket sheet for Docket Number CP-51-CR-13699-2014 can be found at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0013699-2014, last visited January 25, 2018.

[4] The criminal docket sheet for Docket Number CP-51-CR-4677-2015 can be found at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0004677-2015, last visited January 24, 2018.

DC16E-Sentence Status Summary dated January 14, 2016, lists an aggregate sentence of 30 to 60 months with a maximum release date of May 5, 2020.

After Butler's disorderly conduct charges were dismissed by common pleas, the Department issued a new Form DC16E-Sentence Status Summary dated July 26, 2017. This form indicates that Butler is only serving a sentence of 18 to 36 months and specifies his recalculated maximum release date as February 9, 2018, giving him credit for time served on his terroristic threats charge from February 9, 2015 onward.

On June 21, 2017, Butler then filed his petition for mandamus seeking an order directing the Department to credit him with all time spent in prison since October 10, 2014, that has not already been credited towards another sentence. According to Butler, this should result in his immediate release as his maximum release date should be October 10, 2017. He also requests that the Department seek clarification from the Philadelphia Prison System CMR Office regarding his sentence.

On July 27, 2017, the Department filed a suggestion of mootness arguing that it already recalculated Butler's sentence and gave him credit for time served. The Department claimed that it cannot provide Butler with any further relief and, therefore, his claims are moot. Butler opposed the Department's suggestion of mootness and by order dated August 24, 2017, this Court denied the Department's application for relief. The Department then filed an answer to the petition.

Subsequently, Butler filed a motion for summary relief now before us, again asserting that the Department erred in failing to give him credit toward his terroristic threats sentence for all time served dating back to October 10, 2014. The Department filed a cross-application for summary relief arguing that Butler was given credit for all time served that can properly be allocated to his terroristic threats sentence and his maximum release date was properly recalculated as February 9, 2018.[5]

Mandamus is an extraordinary remedy designed "only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy. . . ." *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (quoting *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006)). Regarding sentencing:

> [M]andamus is an appropriate remedy to correct an error in [the Department]'s computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and [the Department]'s computation does not comply with that credit.

*Allen*, 103 A.3d at 370 (citations omitted).

---

[5] An application for summary relief may only be granted "if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014) (citation omitted).

Butler initially made bail on his terroristic threats charge. His time spent in custody from October 10, 2014, until February 9, 2015, was solely on the separate intimidation charges for which he did not make bail and for which he was found not guilty. Butler has not pointed us to any statute that authorizes the sentencing judge to provide a person with credit to a sentence for time spent in custody on another unrelated charge even though that person was later found not guilty on that charge.

However, Section 9760 of the Sentencing Code[6] provides four scenarios on how time is to be allocated:

> (1) Credit against the . . . term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a sentence is imposed or as a result of the conduct on which such a charge was based . . .
>
> (2) Credit . . . shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts . . .
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit . . . shall be given for all time served in relation to the sentence set aside . . .
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit . . . shall be given for all time spent in custody under the former

---

[6] Sentencing Code, 42 Pa.C.S. §§ 9701 – 9799.41.

6

charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

The fourth scenario is the only one that could possibly apply. That provision provides that all time spent in custody for an arrest on one charge can be credited to a later charge based on an act that occurred **prior** to the arrest on the first charge. In this case, the time Butler spent in custody from October 10, 2014, until February 9, 2015, was the result of the intimidation charges based on acts that occurred not prior to but **after** his arrest on the terroristic threats. Moreover, because he made bail on the terroristic threats, none of the time spent in custody between those dates was due to that charge.

Accordingly, because Butler has not established that he has a clear right to relief to be credited to the time spent on an unrelated charge to his sentence for terroristic threats, his application for summary relief is denied and, correspondingly, the Department's application is granted.[7]

_____
DAN PELLEGRINI, Senior Judge

_____

[7] Throughout his pleadings, Butler eludes to the fact that his sentence was illegal and he was somehow illegally serving his common pleas sentence in the Department's custody. However, a challenge to the legality of a sentence cannot be raised in mandamus but is properly raised before the sentencing court or on direct appeal to the Superior Court. *See Allen*, 103 A.3d at 372-73 (citing cases). Moreover, to the extent that he claims that "Credit for time served" in the common pleas sentencing order refers to time served on the terroristic threats charge and not the intimidation charge, this claim is without merit.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Butler,                                    :
                          Petitioner            :
                                                :
          v.                                    :   No. 271 M.D. 2017
                                                :
Commonwealth of Pennsylvania,                   :
Department of Corrections,                      :
Kathleen Brittain, Superintendent,              :
Kelly O'Kane, CCPM, Denise Stover,              :
Records Supervisor, of State                    :
Correctional Institute at Frackville, PA        :
and Christopher Thomas, Director,               :
Phila, Prison System CMR Office,                :
                          Respondents           :

# **O R D E R**

          AND NOW, this 14<u>th</u> day of <u>February</u>, 2018, Petitioner's application for summary relief is denied and Respondents' application for summary relief is granted.

                                        _____
                                        DAN PELLEGRINI, Senior Judge