J-S75042-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK PAUL ANDERSON | : | |
| | : | |
| Appellant | : | No. 1356 WDA 2019 |

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000247-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 FILED MARCH 09, 2020

Jack Paul Anderson (Anderson) appeals from the order entered by the Court of Common Pleas of Jefferson County (PCRA court) dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 3, 2018, Anderson entered a negotiated guilty plea to one count of criminal conspiracy to sell a non-controlled substance as a controlled substance.[1]  The charge stems from his participation in the sale of 11.2 grams of a non-controlled substance to an undercover police officer for $300.00 and representing that it was methamphetamine.  Anderson's plea agreement

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 903(a)(1); 35 P.S. § 780-113(a)(35)(ii).

provided that he was "to receive 1-3 SCI followed by 2 yrs probation, concurrent to existing Clearfield County sentence." (Guilty Plea, 10/3/18) (emphasis added). Anderson was then serving a probation revocation sentence in Clearfield County for criminal trespass, which had been entered on February 6, 2017.[2]

On October 4, 2018, in accordance with Anderson's plea agreement, the trial court sentenced him to a term of not less than one nor more than three years' incarceration, followed by two years of probation. The court directed that the "sentence shall run concurrent with Clearfield County sentence." (See Sentencing Order, 10/4/18; N.T. Sentencing, at 6) (emphasis in original). Anderson "was subsequently advised by Department of Corrections [(DOC)] personnel, however, that the Parole Act made his new sentence consecutive regardless of the Court's order." (PCRA Court Opinion, 8/09/19, at 1). The DOC letter to Anderson states, in relevant part:

> As you were informed, you must serve your back time imposed by the Pennsylvania Board of Probation and Parole prior to beginning your sentence from Jefferson County, even though this sentence runs concurrent with your Clearfield County sentence. This is the protocol established by the State Parole Board for violations . . .

(Jefferson County Probation Department Letter to Anderson, 12/11/18).

---

[2] The original Clearfield County sentence was entered on August 11, 2015. (See N.T. PCRA Hearing, 2/26/19, at 4).

Anderson, acting pro se, filed the instant PCRA petition on November 21, 2018, arguing that plea counsel was ineffective for failing to advise him that his Jefferson County sentence could not run concurrently with his Clearfield County sentence.[3] The PCRA court appointed counsel and held a hearing on February 26, 2019. It issued its opinion and order denying the PCRA petition on August 9, 2019. Anderson timely appealed and he and the PCRA court complied with Rule 1925. See Pa.R.A.P. 1925(a)-(b).

On appeal, Anderson argues that plea counsel was ineffective in connection with the entry of his guilty plea, and that he was consequently denied the benefit of his plea bargain.[4] He maintains that counsel's advice was deficient with regard to whether the new Jefferson County sentence could run concurrently with the then-existing Clearfield County probation revocation sentence. (See Anderson's Brief, at 4, 10).

We first note that we presume counsel is effective. See Velazquez, supra at 1149 (citation omitted). "To overcome this presumption, a PCRA petitioner must show the underlying claim has arguable merit, counsel's

_____

[3] Anderson referenced 61 Pa.C.S. § 6138 as the basis for the requirement that the sentences run consecutively. However, as discussed more fully infra, this section relates to parole violations and not to probation revocation sentences.

[4] "We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error." Commonwealth v. Velazquez, 216 A.3d 1146, 1149 (Pa. Super. 2019) (citation omitted).

actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." Id. (citation omitted).

"Under the PCRA, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea." Id. (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id. (citation omitted). "To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (citation omitted).

Also relevant to this appeal is the precept that "[a] claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." Commonwealth v. Bickerstaff, 204 A.3d 988, 995 (Pa. Super. 2019), appeal denied, 218 A.3d 862 (Pa. 2019) (citation omitted).[5] "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction" on appeal. Id. (citation omitted).

---

[5] Because a challenge to the legality of a sentence is a question of law, our standard of review is de novo and our scope of review is plenary. See id.

- 4 -

We begin by examining the prejudice prong of the ineffectiveness test because it is dispositive to our decision. As Anderson acknowledges, if section 6138(a) of the Prisons and Parole Code (mandating consecutive sentences) does not apply to this case, plea counsel was not ineffective because Anderson was not prejudiced by counsel's actions where the sentences can run concurrently as provided for in his plea agreement. (See Anderson's Brief, at 18).

Section 6138, titled "Violations of terms of parole" states in part:

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5)(i)-(iii).

While Section 6138 directs that a new sentence cannot be served concurrently with the balance of a term for a parole violation, it does not address probation violations. In fact, "no statute mandates consecutive sentencing in the case of a Probation violator." Commonwealth v. Walls, 391 A.2d 1064, 1065 (Pa. 1978) (emphasis added). "Generally, Pennsylvania

law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." Commonwealth v. Prisk, 13 A.3d 526, 533 (Pa. Super. 2011). Section 9721 of the Sentencing Code provides in relevant part:

> (a) General rule.—In determining the sentence to be imposed the court shall . . . consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> (1)    An order of probation.
>
> (2)    A determination of guilt without further penalty.
>
> (3)    Partial confinement.
>
> (4)    Total confinement.
>
> (5)    A fine.

42 Pa.C.S. § 9721(a)(1)-(5) (emphasis added). Thus, in the absence of a statute requiring otherwise, it is within the trial court's discretion to determine if imposition of a concurrent or consecutive sentence is appropriate in the instance of a probation revocation sentence.

Instantly, it is clear from the record that the concurrent running of the Jefferson County and "existing" Clearfield County sentence was an integral part of Anderson's plea agreement. As outlined above, this requirement is expressly laid out in the plea agreement itself and in the trial court's sentencing order, which includes the concurrent provision in bold print. Anderson's only "existing" Clearfield County sentence at the time was the

probation revocation sentence. (See N.T. PCRA Hearing, at 4, 8-9, 21). Under applicable law, the trial court had the authority to run the new Jefferson County sentence "concurrently . . . to other sentences . . . already imposed." Prisk, supra at 533; 42 Pa.C.S. § 9721(a).

Under these circumstances, where the concurrent sentence imposed by the trial court was legal, and Anderson received the benefit of his bargain under the plea agreement, we cannot conclude that he met the prejudice prong of the ineffectiveness analysis because it was not counsel's ineffectiveness but an action of the Department of Corrections that changed the concurrent sentence to a consecutive one. Ignoring such a unilateral change violates defendant's due process rights; it is beyond the power of the Department of Corrections to "change" court orders that extend or shorten the term of the sentencing order even if it believes the sentencing order is not in accord with the Sentencing Code. If the sentencing order is illegal, it is up to the District Attorney to appeal that sentence.

Nonetheless, because we find that counsel was not ineffective and his harm was caused by the Department of Corrections, we agree with Anderson that if Section 6138 does not apply in this case, which we find that it does not, his only recourse is to file a mandamus action in the Commonwealth Court to seek enforcement of the valid October 4, 2018 sentencing order mandating

the concurrent running of the sentences by the Department of Corrections. (See Anderson's Brief, at 18).[6]

Order affirmed.

Judge Kunselman joins the memorandum.

Judge Stabile files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2020

---

[6] See also Commonwealth v. Heredia, 97 A.3d 392, 395 (Pa. Super. 2014), appeal denied, 104 A.3d 524 (Pa. 2014) (where sentence is legal and alleged error is result of erroneous enforcement of sentence by DOC, appropriate vehicle for redress is original action in Commonwealth Court); Detar v. Beard, 898 A.2d 26, 29 (Pa. Cmwlth. 2006) ("Clearly, a writ of mandamus may lie to compel DOC to properly compute an inmate's prison sentence.").