IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Perez,                              :
                        Petitioner       :
                                         :
        v.                               : No. 77 M.D. 2020
                                         : Submitted: October 16, 2020
Pennsylvania Department of               :
Corrections,                             :
                        Respondent       :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED: December 22, 2020


        Before us is the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections (DOC) to the petition for review seeking mandamus relief filed by inmate John Perez (Perez), representing himself. In his petition for review, Perez contends DOC improperly calculated his sentence by not appropriately applying credit. Upon review, because DOC's calculation is consistent with the submissions of Perez, and the credit award, we grant DOC's demurrer and dismiss the petition for review with prejudice.

## I. Background

        Perez is an inmate at the State Correctional Institution (SCI) at Dallas. He was initially incarcerated for charges related to Docket No. CP-51-CR-0000783-2011 (C. C.P. Phila.). While out on bail, in September 2011, Perez was arrested on new charges, for which he was sentenced to 20 to 40 years (for third-degree murder and conspiracy), and 2 years, 6 months to 5 years, consecutive (for firearm

possession), for an aggregated sentence of 22 years and 6 months to 45 years (Aggregated Sentence) of incarceration. Perez entered a negotiated guilty plea on the new charges, Docket No. CP-51-CR-0000978-2012 (C. C.P. Phila.), on July 15, 2013. Perez attached a copy of the sentencing order on the new charges to his petition for review, which states, in pertinent part:

> The following conditions are imposed:
>
> Credit for time served: Credit to be calculated by the Phila. Prison System.
> Other: This sentence is to run concurrently with the sentence imposed on [the 2011 conviction]
> . . . .
> This sentence shall commence on 7/15/2013.

*See* Pet. for Review, Ex. A-1 (Sentencing Order).

Perez filed a petition for review in mandamus, seeking an order directing DOC to apply credit in accordance with the Sentencing Order. He contends the credit set forth in his DC-16E Sentence Status Summary Sheet dated October 30, 2019 (Sentence Summary), is inconsistent with the Sentencing Order, which he alleges directed credit for time served. Perez avers that he did not receive appropriate credit, citing to a response to a credit inquiry he received from DOC in July 2019. Therein, DOC informed Perez that he was not credited for time served on the Sentence Summary because the Sentencing Order did not specify a credit.[1] *Id.* ¶10.

Perez also cites a revised credit memorandum issued by Christopher Thomas of the Philadelphia Department of Prisons[2] on July 26, 2019, (Revised Credit

---

[1] In a response dated July 8, 2019, a Records Specialist for DOC responded to Perez's credit inquiry, advising that there was no credit included in the Sentencing Order, and therefore, DOC lacked the authority to change the Sentence Summary to include a credit.

[2] Perez identifies Thomas as being affiliated with the Philadelphia Department of Prisons in his brief in opposition to DOC's preliminary objection. *See* Pet'r's Br. in Opp'n, at 6. He also notes **(Footnote continued on next page…)**

Memo) stating in relevant part that credit "should have been awarded 9/26/2011 (arrest date[)] to 01/03/2012 (date before being sentenced on CP-51-CR-0000783-2011) and the date of sentence imposition of 7/15/2013. Since you were not yet paroled on this docket when you were sentenced for CP-51-CR-0000978-2012, the credit stops." Pet. for Review ¶9 (quoting Revised Credit Memo).

DOC filed a preliminary objection in the nature of a demurrer, asserting that Perez could not state a mandamus claim because he lacked a clear right to additional credit. Significantly, DOC maintains that Perez received all credit he was due, including the specific period for which he seeks credit, *i.e.*, from his arrest date in September 2011 to the date before sentencing on his initial charges, and the date of the Sentencing Order.

## II. Discussion

Perez's mandamus claim cites a clear right to serve only the time as directed in the Sentencing Order, which states credit shall be calculated by the Philadelphia Prison System.[3] The petition acknowledges that the Philadelphia Department of Prisons, through Thomas, issued the Revised Credit Memo, stating the credit to be applied. In their briefs, the parties focus on this application of credit. Perez contends he did not receive appropriate credit whereas DOC counters that it applied the credit he seeks in accordance with the Revised Credit Memo, as evinced in the Sentence Summary.

---

an interest in amending his petition to name Thomas as a respondent; however, we do not consider this request as Perez did not properly seek amendment and his request is mooted by our disposition.

[3] This Court recognizes that the Sentencing Order here did not specify the amount of credit, but instead directed that credit be calculated by the Philadelphia Prison System. A sentencing order directing the amount of credit is different from one that directs the calculation of credit. *See Bernardini v. Dep't of Corr.* (Pa. Cmwlth., No. 650 M.D. 2016, filed Sept. 1, 2017), 2017 WL 3798537 (unreported). Here, the Sentencing Order manifests an intent to award credit as calculated by the prison; hence, the Revised Credit Memo is the proper source for credit for time served.

In reviewing preliminary objections, we must accept as true all well-pled allegations of material facts, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 n.3 (Pa. Cmwlth. 2018). However, this Court is not required to accept as true any unwarranted factual inferences, conclusions of law, or expressions of opinion. *Id.* Moreover, we are not bound by allegations in the pleading that are inconsistent with any documents properly appended to the pleading. *Allen v. Pa. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). Only where the pleading is "facially devoid of merit," should the demurrer be sustained. *Wurth by Wurth v. City of Philadelphia,* 584 A.2d 403, 406 (Pa. Cmwlth. 1990) (*en banc*) (citation omitted). It must be clear the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party. *Key.*

A mandamus claim is an extraordinary form of relief for clear rights. *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006). The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. *Id.* This Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce performance of a ministerial act or mandatory duty, the respondent possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy. *Id.*

DOC has a mandatory duty to "faithfully implemen[t] sentences imposed by the courts," and to properly compute an inmate's sentence. *Comrie v. Pa. Dep't of Corr.*, 142 A.3d 995, 1001 (Pa. Cmwlth. 2016). Mandamus relief is thus appropriate when a calculation challenge involves the misapplication or failure to apply credit for time served. *See Allen* (overruling DOC's demurrer to mandamus claim seeking credit in accordance with sentencing order). With regard to the award or application of credit, DOC lacks authority to diverge from the Sentencing Order,

4

as the calculation of credit is a purely administrative function. *See Oakman v. Dep't of Corr.*, 903 A.2d 106, 109 (Pa. Cmwlth. 2006).

Here, Perez appended to his mandamus petition the Revised Credit Memo completed by Thomas on July 26, 2019. It advises that Perez was awarded credit from the arrest date of September 26, 2011, to January 3, 2012, and the date of sentencing on his Aggregated Sentence, July 15, 2013. To the extent Perez specifies the period for which credit is due, it corresponds *directly* to the credit set forth in this Memo.

To establish a clear right to sentencing credit, it is incumbent on the inmate to specify the timeframe to which the credit pertains. *See Allen*. In this case, Perez does not identify any time served for which he did not receive credit pursuant to the Revised Credit Memo. Indeed, the credit Perez identified is applied as shown in the Sentence Summary. Therefore, he did not show a clear right to a different credit calculation than that already performed by DOC upon receiving the Memo.

### III. Conclusion

Because Perez did not establish a clear right to the credit he seeks to have applied to his Aggregated Sentence beyond the amount DOC already credited, we sustain DOC's demurrer, and dismiss the petition for review with prejudice.

_____
J. ANDREW CROMPTON, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Perez,                             :
                        Petitioner      :
                                        :
        v.                              :    No. 77 M.D. 2020
                                        :
Pennsylvania Department of              :
Corrections,                            :
                        Respondent      :

# **O R D E R**

**AND NOW**, this 22nd day of December 2020, the preliminary objection of the Pennsylvania Department of Corrections is SUSTAINED, and John Perez's petition for review is DISMISSED with prejudice.

_____
J. ANDREW CROMPTON, Judge