IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Birdwell,
                     Petitioner      :
                                                :
         v.                              :
                                                :
Pennsylvania Board of Probation      :
and Parole,                         :     No. 80 M.D. 2023
                     Respondent    :     Submitted: July 5, 2024

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                  FILED: September 5, 2024

Presently before this Court are the "Preliminary Objections to Amended Petition" (Preliminary Objections) filed by the Pennsylvania Parole Board (Board)[1] in response to *pro se* petitioner Nelson Birdwell's (Petitioner) "Amended Petition for Review Pursuant to Pa.R.A.P. 1501, et[] seq." (Amended Petition). In the Amended Petition, Petitioner alleges that the Board erred by denying him consideration for parole. *See* Amended Petition at 1-6. Petitioner asks this Court to order the Board to consider his parole application or, in the alternative, hold an evidentiary hearing on the Amended Petition. *See* Amended Petition at 6. Petitioner further appears to seek a declaration from this Court that the Board's refusal to

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

consider parole for persons aged 18 to 20 who are serving life imprisonment violates Pennsylvania's constitution. *See* Amended Petition at 2-6. For the reasons that follow, we sustain the Preliminary Objections and transfer the Amended Petition to the Court of Common Pleas of Lehigh County.

Petitioner is currently incarcerated, serving a life sentence for a murder and associated crimes that he committed 13 days after his 18th birthday. *See* Amended Petition at 1; *see also* Court of Common Pleas of Lehigh County Docket No. CP-39-CR-0002580-1995 (Murder Case Docket).[2] Petitioner filed a parole application (Parole Application) that the Board denied by letter dated January 12, 2023, because Petitioner is serving a life sentence and thus ineligible for parole consideration pursuant to Section 6137(a) of the Prisons and Parole Code,[3] 61 Pa.C.S. § 6137(a). *See* Amended Petition at 1-2 & Exhibits A & B. Following the Board's denial of the Parole Application, in February 2023, Petitioner filed a Petition for Review with this Court, in response to which the Board filed preliminary objections. Petitioner later filed the Amended Petition and the Board filed the instant Preliminary Objections. The Court thereafter filed an order directing the Preliminary

---

[2] For the purpose of determining the Preliminary Objections, this Court takes judicial notice of the Murder Case Docket. *See Elkington v. Dep't of Corr.*, 256 A.3d 511 n.4 (Pa. Cmwlth. 2021) (observing that "this Court may take judicial notice of the dockets of other courts of the Commonwealth"); *Miller v. Unemployment Comp. Bd. of Rev.*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of claimant's criminal docket) (citing *Lycoming Cnty. v. Pa. Lab. Rels. Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007)). The Murder Case Docket lists Petitioner's birthdate as February 13, 1977, and indicates that the murder for which Petitioner was convicted occurred on February 26, 1995. *See* Murder Case Docket at 1.

[3] 61 Pa.C.S. §§ 101-7301.

Objections to be decided on briefs. The parties have submitted briefs,[4] and the matter is now ripe for determination.

Initially, we note that

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

In the Preliminary Objections, the Board argues that the Amended Petition should be dismissed because Petitioner's request that this Court direct the

---

[4] We acknowledge the filing of the document titled "Amicus Curiae Brief" (Amicus Brief) by Hear Me Out Publishing, LLC (HMO Publishing), in which HMO Publishing argues that Petitioner should be considered a "juvenile offender" not subject to a sentence of life without the possibility of parole under *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017), and therefore eligible for parole consideration by the Board. *See* Amicus Brief at 6-10.

Board to consider the Parole Application fails to state a claim upon which relief may be granted.[5]  *See* Board's Brief at 5-8.  We agree.

By requesting that this Court require the Board to consider the Parole Application, the Amended Petition presents a mandamus request.  As this Court has explained:

> Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty.  A writ of mandamus may only be issued where there is a clear legal right in petitioner, a corresponding duty in respondent, and a lack of any other appropriate remedy.

*Nickson v. Bd. of Prob. & Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005) (internal citations omitted).  "[M]andamus will not be used to direct the Board to exercise its judgment or discretion in a particular way or direct the retraction or reversal of an action already taken."  *Id.*  Further, "[t]he purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007) (quoting *Detar v. Beard,* 898 A.2d 26, 29 (Pa. Cmwlth. 2006)).

Section 6137(a) of the Prisons and Parole Code states, in pertinent part:

(a) General criteria for parole.--

> (1)  The  [B]oard  may  parole  subject  to consideration  of  guidelines  established  under  42 Pa.C.S.  §  2154.5  (relating  to  adoption  of guidelines for parole) or subject to section 6137.1

---

[5] We observe that the Board also raised a preliminary objection based on improper service. *See* Preliminary Objections at 1-2.  In response, this Court ordered Petitioner to serve the Petition for Review on the Board and Petitioner complied.  *See* Order exited April 14, 2023; Compliance with Order dated April 24, 2023.

> (relating to short sentence parole) and such information developed by or furnished to the [B]oard under section 6174 (relating to right of access to offenders), or both, and may release on parole any offender to whom the power to parole is granted to the [B]oard by this chapter, **except an offender condemned to death or serving life imprisonment**[.]

61 Pa.C.S. § 6137(a) (emphasis provided).

Here, Petitioner acknowledges that he is serving a sentence of life imprisonment. *See* Amended Petition at 2. Section 6137(a) of the Prisons and Parole Code expressly prohibits the Board from paroling offenders who are either condemned to death or serving life sentences. *See* 61 Pa.C.S. § 6137(a). Thus, by requesting that we require the Board to consider the Parole Application, Petitioner asks this Court to direct the Board to conduct an act that it lacks authority to perform. Mandamus is inappropriate and unavailable in such situations. *See Nickson*; *Lawrence*. Petitioner seeks not to enforce an established legal right, but to create one based on an argument that he was a "juvenile" at the time he committed murder. Again, mandamus is not available for such a request. *See Lawrence*. For these reasons, the Amended Petition fails to state a claim upon which this Court may grant relief.

To the extent Petitioner asks this Court for a declaration that 18- to 20-year-olds should be considered as juveniles not subject to a sentence to life without parole,[6] such a request effectively claims that Petitioner's criminal sentence is illegal and seeks collateral relief therefrom. *See* Amended Petition at 2-4; *see also* Amicus Brief at 6-10; *see also Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 192 (Pa.

---

[6] *See* Amended Petition at 2-4; *see also* Amicus Brief at 6-10.

5

2022) ("the legislative intent to forever bar parole eligibility for all individuals convicted of second-degree murder is best described as part of the judgment of sentence"). Such a challenge must be brought under the Post Conviction Relief Act[7] (PCRA), which the General Assembly created as "the sole means of obtaining collateral relief" from criminal convictions. 42 Pa.C.S. § 9542; *see also Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) (citing 42 Pa.C.S. § 9542 and noting that the PCRA is the sole means by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief); *Scott*, 284 A.3d at 186-87. This Court lacks jurisdiction to entertain claims under the PCRA. *See* Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i) (providing the Commonwealth Court with jurisdiction over all civil actions or proceedings against the Commonwealth and officers thereof, except applications for a writ of habeas corpus or post-conviction relief);[8] *see also* 42 Pa.C.S. § 9545(a) ("Original jurisdiction over a proceeding under [the PCRA] shall be in the court of common pleas.").

---

[7] 42 Pa.C.S. §§ 9541-46.

[8] Section 761(a)(1)(i) of the Judicial Code provides:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except**:
> >
> > (i) actions or proceedings in the nature of **applications for a writ of habeas corpus or post-conviction relief** not ancillary to proceedings within the appellate jurisdiction of the court[.]

42 Pa.C.S. § 761(a)(1)(i) (emphasis added).

Lacking jurisdiction over such a PCRA claim, this Court may transfer the claim to the appropriate court. *See Dockery v. Wolf*, 259 A.3d 566, 572 (Pa. Cmwlth. 2021). However, where a PCRA petition would be late-filed and would lack an applicable timeliness exception under the PCRA,[9] transfer to the court of common pleas for the purpose of litigating the petition is not warranted, as the petition would be properly dismissed as untimely. *See Scott*, 284 A.3d at 198 n.17 (noting that transfer of a PCRA case to the trial/PCRA court is not warranted where the PCRA petition would be dismissed as untimely).

The recent case of *Boyd v. Pennsylvania's Sentencing Scheme for Sentencing 18 Year Old's* [sic] *to Mandatory Life without Parole*, 311 A.3d 63 (Pa. Cmwlth. 2024), is instructive. In *Boyd*, this Court sustained preliminary objections

---

[9] Section 9545(b)(1) of the PCRA provides exceptions to the PCRA's one-year filing deadline only when

> the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

in a matter where a pair of prisoner petitioners brought effectively the same claim that underlies the instant matter – that Pennsylvania's sentencing scheme permitting life imprisonment without parole for 18-year-old offenders violates Pennsylvania's constitution because 18-year olds should be considered "juveniles." *See Boyd*, 311 A.3d at 67. The Attorney General filed preliminary objections arguing, *inter alia*, that this Court lacked jurisdiction to hear collateral challenges to the petitioners' criminal sentences. *See id.* at 67-68. This Court agreed that such claim was a collateral attack on the petitioners' sentences. *See id.* at 68. The Court noted that the General Assembly had created the PCRA as the sole means by which prisoners may prosecute such collateral challenges to their sentences, that such challenges were properly brought before the trial court, and that Section 761(a) of the Judicial Code expressly excluded actions for collateral relief from this Court's original jurisdiction. *See id.* at 68-69. The Court further noted that multiple years had passed between the time when the petitioners' judgments of sentence became final and the filing of their petition, as well as between the filing of the legal cases on which they based their petition[10] and the filing of the petition itself. *See id.* at 69-72. Further, the Court noted that the Superior Court of Pennsylvania had already deemed the claim asserted in *Miller v. Alabama*, 567 U.S. 460 (2012) – that life without parole was cruel and unusual punishment as applied to minors under the age of 18 – did not apply to the petitioners, who were 18 at the time of the commission of their crimes. *See id.* at 70. Because the petition was late-filed and the petitioners conceded that no exception under Section 9545(b)(1) of the PCRA was applicable, the Court dismissed the petition without transferring to the trial court as a PCRA petition since, because the PCRA court would not be able to exercise jurisdiction over an untimely

---

[10] *Miller v. Alabama*, 567 U.S. 460 (2012); *Montgomery v. Louisiana*, 577 U.S. 190 (2016); *Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019).

PCRA petition, there was no possibility that the result would be other than a dismissal in this Court. *See id.* at 72.

The facts of the instant matter are very similar to those in *Boyd*. Petitioner raises a collateral challenge to his conviction, but his judgment of sentence has long since become final, and the case upon which Petitioner bases his argument – *Commonwealth v. Batts*, 163 A.3d 210 (Pa. 2017) – was decided years before Petitioner filed the original petition in this matter in February of 2023. However, here, the Superior Court has not already determined that Petitioner's PCRA petition, if filed, would be untimely and not subject to any exception, and Petitioner has not conceded as much. Therefore, in an abundance of caution, we conclude that Petitioner should be allowed to argue the application of a PCRA timeliness exception, however unlikely, before the trial court that conducted the criminal case acting as a PCRA court. Accordingly, we transfer the matter to the Court of Common Pleas of Lehigh County to litigate the collateral claims herein, provided Petitioner can satisfy one of the timeliness exceptions provided in Section 9545(b)(1) of the PCRA, 42 Pa.C.S. § 9545(b)(1), before that court.[11]

For the above reasons, we sustain the Preliminary Objections and transfer the Amended Petition to the Court of Common Pleas of Lehigh County for further proceedings consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

_____

[11] We note that by transferring this matter because we lack jurisdiction to entertain cases under the PCRA, we take no position on the merits or timeliness of Petitioner's claims against the Board before the Court of Common Pleas of Lehigh County.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Birdwell,
                  Petitioner     :
                                  :
          v.                   :
                                    :
Pennsylvania Board of Probation    :
and Parole,                    :    No. 80 M.D. 2023
                Respondent    :

# **O R D E R**

AND NOW, this 5th day of September, 2024, the "Preliminary Objections to Amended Petition" filed by the Pennsylvania Parole Board are SUSTAINED, and Petitioner Nelson Birdwell's "Amended Petition for Review Pursuant to Pa.R.A.P. 1501, et[] seq." is TRANSFERRED to the Court of Common Pleas of Lehigh County for further proceedings.

_____
CHRISTINE FIZZANO CANNON, Judge