**Joseph PARISH, Petitioner,**

v.

**Martin HORN, Secretary Pennsylvania Department of Corrections and Donald T. Vaughn, Warden and S.C.I.-Graterford's Inmate Records Office Supervisor, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 12, 2001.

Decided Feb. 23, 2001.

Joseph Parish, petitioner, pro se.

Alan M. Robinson, Camp Hill, for respondent.

Before SMITH, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Joseph Parish (Parish) has filed a petition for review (Petition) in this court's original jurisdiction, alleging that Martin Horn, Secretary, Pennsylvania Department of Corrections (Department), Donald T. Vaughn, Warden, and SCI Graterford's Inmate Records Office Supervisor (collectively, Respondents) improperly extended his sentence by failing to give him due credit for time served. Parish also has filed a motion for judgment on the pleadings (Motion), which is before this court for disposition.[1]

On November 30, 1990, Parish received a sentence of one year to five years after pleading guilty to aggravated assault. At that time, Parish was known as Carmine Menno, an alias. (Respondents' Answer, New Matter, ¶¶ 1–2, Exhibit A.) Sometime later, the Pennsylvania Board of Probation and Parole (Board) released him on parole. (Respondents' Answer, New Matter, ¶¶ 3–4.)

The Board subsequently revoked Parish's parole based on criminal convictions at Docket Nos. MC–9202–2970 and CP–9204–4196A. (Respondents' Answer, New Matter, ¶ 6.) On July 31, 1992, Parish received a sentence of five months to twenty-three and one-half months for his conviction at MC–9202–2970 (county sentence). (Respondents' Answer, New Matter, ¶ 7, Exhibit C.) On September 10, 1992, Parish received a sentence of twenty-four months to forty-eight months in connection with his conviction at CP–9204–4196A (state sentence). (Respondents' Answer, New Matter, ¶ 8, Exhibit C.) The sentencing judge ordered that Parish's state sentence was to run concurrently with any sentence he was serving. (Respondents' Answer, Exhibit C.)

Parish began serving his county sentence at the Philadelphia County Prison on July 31, 1992. (Respondents' Answer, Answers to Averments in Argument No. 1, ¶¶ 2, 6.) On December 31, 1992, Parish was paroled from the county sentence and began serving backtime on his original sentence. (Respondents' Answer, Answers to Averments in Argument No. 1, ¶¶ 2, 5.) One year later, on December 31, 1993, Parish began serving his state sentence. (Respondents' Answer, Answer to Averments in Argument No. 1, ¶ 11.)

Based on the judge's sentencing order, Parish was to serve the state sentence imposed on September 10, 1992 concurrently with the county sentence. Thus, Parish was entitled to credit on the state sentence for time served from September 10, 1992, the date of imposition of the sentence,[2] to December 31, 1992, a period of three months and twenty days.[3] *See*

1. Pa. R.C.P. No. 1034(a) provides that, after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings. When ruling on a motion for judgment on the pleadings in our original jurisdiction, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party. *Pennsylvania Prison Society v. Commonwealth*, 727 A.2d 632 (Pa.Cmwlth.1999); *Casner v. American Federation of State, County and Municipal Employees*, 658 A.2d 865 (Pa. Cmwlth.1995). We may consider only the pleadings themselves and any documents properly attached thereto. *Id.* We may grant a motion for judgment on the pleadings only when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Casner.*

2. September 10, 1992 was also the effective date of the sentence. (*See* Respondents' Answer, Exhibit D.)

3. Parish actually seeks five months and seventeen days credit on his state sentence based on his erroneous belief that the trial court

*Wassell v. Commonwealth,* 658 A.2d 466 (Pa.Cmwlth.1995). As of December 31, 1992, then, Parish had only twenty months and ten days to forty-four months and ten days remaining on his state sentence.[4] However, Respondents did not give Parish any credit on the state sentence for the three months and twenty days Parish served concurrently on the county sentence. (Respondents' Answer, Answers to Averments in Argument No. 1, ¶¶ 6, 11.) The effect of Respondents' action was that the two sentences were made to run consecutively, contrary to the sentencing judge's order. (Respondents' Answer, Answers to Averments in Argument No. 1, ¶ 6.) Parish claims that Respondents' action was improper.

■ Respondents' position in this case rests on section 21.1(a) of the act commonly known as the Parole Act,[5] which indicates that, when a parolee on parole from a state sentence is convicted of a new crime and receives a new state sentence, the parolee must serve backtime on the original sentence before serving the new state sentence. According to Respondents, giving Parish three months and twenty days credit on his state sentence for the time he served concurrently on his county sentence is the *same* as allowing Parish to "serve" a portion of his state sentence before serving his backtime, which is contrary to section 21.1(a) of the Parole Act. We disagree.

■ We are guided in this matter by the well-established rule that, if a parolee remains incarcerated prior to trial because he has failed to satisfy bail requirements on new criminal charges, then the time spent in custody shall be credited to his new sentence. *See Gaito v. Pennsylvania*

*Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980); *see also* section 9760(1) of the Sentencing Code, 42 Pa.C.S. § 9760(1). Respondents have cited no law, and we have found none, that prevents us from applying this rule in *Gaito* to the situation here.

Indeed, we see no difference between a three-month and twenty-day credit for time spent in custody after failing to post bail and a three-month and twenty-day credit for time spent in custody serving a concurrent county sentence. In each instance, there is a valid legal basis *other than the new state sentence* for the parolee's confinement, viz., failure to meet bail requirements and a previously imposed sentence. Thus, here, for purposes of section 21.1(a) of the Parole Act, Parish is *not* serving the new state sentence before serving his backtime. Rather, Parish is serving his county time, which, by court order, simultaneously reduces his new state sentence. Indeed, the reality of a concurrent sentence is that by serving one sentence, the inmate receives credit on the other sentence. *See* section 9761(a) of the Sentencing Code, 42 Pa.C.S. § 9761(a).

Accordingly, we grant Parish's Motion and order Respondents to give Parish three months and twenty days credit on his state sentence for the time he spent in custody from September 10, 1992 to December 31, 1992 while serving his concurrent county sentence.

### ORDER

AND NOW, this 23rd day of February, 2001, the motion for judgment on the

---

imposed his state sentence on July 14, 1992, not September 10, 1992. Of course, if this were true, Parish would be entitled to seventeen days credit for time served on his state sentence from July 14, 1992 to July 31, 1992 and five months credit for time served concurrently on his county sentence from July 31, 1992 to December 31, 1992.

4. This is a matter of simple arithmetic. Parish was sentenced to serve concurrent time; thus, once he served time on the one sentence, he served the same amount of time on the other sentence.

5. Act of August 6, 1941, P.L. 861, added by section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a).

pleadings filed by Joseph Parish is granted as set forth in the foregoing opinion.