# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,                 :
                                        :
              Petitioner     :
                                          :
            v.                   : No. 42 M.D. 2020
                                        : Submitted: August 21, 2020
Department of Corrections,    :
                                        :
              Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: August 5, 2021

Before this Court, in our original jurisdiction, are the Pennsylvania Department of Corrections' (Department) Preliminary Objections (POs) in the nature of demurrer to the Petition for Review (Petition) filed by Shawn Freemore (Freemore) seeking injunctive relief. We are also presented with Freemore's Motions for Summary Relief and Judgment on the Pleadings (collectively, Motions). For the reasons that follow, we sustain the Department's demurrer, deny Freemore's Motions, and dismiss his Petition.

## I. Facts Averred

Freemore, an inmate currently incarcerated at the State Correctional Institution (SCI) at Houtzdale, initiated this action by filing a *pro se* Petition

challenging the confiscation and seizure of certain pages from his magazine publication, which he purchased and received in the prison mail, as unconstitutional. In support, Freemore alleges that the Department's Security Processing Center (SPC) removed three pages from his November 2019 issue of Harper's Bazaar before delivering it to him. Freemore timely filed a grievance, which the Department denied. Freemore attaches both the grievance and the denial to his Petition. Freemore further alleges that the SPC removed the pages without authority or probable cause, and did so without providing him with a confiscation slip.

Based on these allegations, Freemore raises three constitutional claims under the United States Constitution. First, Freemore contends that the SPC's removal of the pages violated his Fourth Amendment, U.S. Const. amend. IV, rights against unreasonable searches and seizures. Petition, ¶¶2-11. Second, he claims that the pages were seized without a confiscation slip in violation of his due process rights under the Fourteenth Amendment, U.S. Const. amend. XIV. Petition, ¶¶12-22. Third, Freemore contends that the SPC's seizure violated his First Amendment, U.S. Const. amend. I, right to freedom of expression. Petition, ¶¶11, 22.

Freemore seeks injunctive relief in the form of "ordering the [Department] to cause the SPC to cease the removal of pages from publications absent probab[le] cause to do so, and enforce the policy and procedure regarding confiscation slips or notification forms being delivered in those rare instances that may be necessary." Petition, ¶24. Freemore also asks this Court to direct the Department "to create, within thirty days, complete policy and procedure governing the SPC." Petition, ¶24.

In response, the Department filed POs. First, the Department objects on the basis that it is not a "person" able to be sued for constitutional violations

2

relating to violations of civil rights under 42 U.S.C. §1983 (Section 1983). Second, the Department demurs to all three of Freemore's claims on the ground that the Petition is legally insufficient for failure to state a claim upon which relief can be granted. The Department asks this Court to sustain its POs and dismiss Freemore's Petition.

Freemore responded by filing a Motion for Summary Relief and Motion for Judgment on the Pleadings. Freemore maintains that there are no material facts in dispute and that he is entitled to judgment in his favor as a matter of law. The Department's POs and Freemore's dispositive Motions are now before us for review.

## II. Discussion
### A. Legal Standards

With regard to POs, Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure provides that a PO may be filed for legal insufficiency of a pleading (demurrer). Pa. R.C.P. No. 1028(a)(4). In ruling on a demurrer, the Court must accept as true all well-pleaded allegations of material fact in the petition as well as inferences deducible therefrom. *Aviles v. Department of Corrections*, 875 A.2d 1209, 1211 n.3 (Pa. Cmwlth. 2005). In addition, courts may also consider any documents or exhibits attached to the petition. *Lawrence v. Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). It is not necessary to accept as true any averments in the petition that conflict with exhibits attached to it. *Id.* Conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion are not admitted. *Portalatin v. Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009).

A demurrer may be sustained only where it appears with certainty that the law will not permit recovery under the allegations pleaded. *County of Dauphin*

3

*v. City of Harrisburg*, 24 A.3d 1083, 1089 (Pa. Cmwlth. 2011).  Any doubt must be resolved in favor of overruling a demurrer.  *Id.*

With regard to applications for summary relief, Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure provides that "*at any time after the filing of a petition for review . . .* , the [C]ourt may[,] on application[,] enter judgment if the right of the applicant . . . is clear."  Pa. R.A.P. 1532(b) (emphasis added); *see Jubelirer v. Rendell*, 953 A.2d 514, 521 (Pa. 2008); *Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 (Pa. Cmwlth. 2018).  "When ruling on an application for summary relief, we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law."  *Gregory*, 185 A.3d at 1202 (internal quotation and citation omitted).

As for motions for judgment on the pleadings, the Note to Rule 1532 recognizes that the summary relief sought under Rule 1532(b) is similar to the relief envisioned by Rule 1034 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1034, regarding judgment on the pleadings and summary judgment.  Pa. R.A.P. 1532, Note; *see Pennsylvania Independent Oil and Gas Association v. Department of Environmental Protection*, 146 A.3d 820, 821 n.3 (Pa. Cmwlth. 2016), *aff'd*, 161 A.3d 949 (Pa. 2017) (holding that an application for summary relief under Pa. R.A.P. 1532 and a motion for judgment on the pleadings under Pa. R.C.P. No. 1034 "seek similar relief").  Motions for judgment on the pleadings are properly filed "[*a*]*fter* the relevant pleadings are closed, but within such time as not to unreasonably delay the trial."  Pa. R.C.P. No. 1034(a) (emphasis added).  When ruling on a motion for judgment on the pleadings, the Court must view all of the opposing party's allegations as true, and only those facts that the opposing party

4

has specifically admitted may be considered against the opposing party. *Tulio v. Beard*, 858 A.2d 156 (Pa. Cmwlth. 2004); *Parish v. Horn*, 768 A.2d 1214 (Pa. Cmwlth. 2001), *aff'd per curiam*, 800 A.2d 294 (Pa. 2002). The Court may consider only the pleadings themselves and any documents properly attached thereto. *Tulio*, 858 A.2d at 158; *Parish*, 768 A.2d at 1215. As with an application for summary relief, we may grant a motion for judgment on the pleadings only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Tulio*, 858 A.2d at 158; *Parish*, 768 A.2d at 1215. The parties agree that there are no issues of material fact and that the issues before us are purely legal. With these legal standards in mind, we begin our review of the Department's POs.

### B. Department's POs
### 1. Section 1983

First, the Department objects to Freemore's Petition on the basis that his constitutional claims are improperly directed toward the Department. The Department maintains that it is not a "person" subject to suit under Section 1983.[1] The Department is the sole respondent named in the Petition.

To state a *prima facie* claim under Section 1983, a petitioner must allege a violation of a right secured by the United States Constitution and the laws

---

[1] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983.

5

of the United States, and must show that the alleged deprivation was committed by a "person" acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A state or state agency, however, is not a "person" under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 69-71 (1989). It is well settled that the Department is an administrative agency of the Commonwealth and, consequently, is not a "person" subject to suit under Section 1983. *Watkins v. Pennsylvania Department of Corrections*, 196 A.3d 272, 275 (Pa. Cmwlth. 2018); *Warren v. Pennsylvania Department of Corrections*, 616 A.2d 140, 142 (Pa. Cmwlth. 1992); *see* Section 201 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §61 (the Department is an "administrative department"). Because Freemore cannot state a claim against the Department under Section 1983, we sustain the Department's PO in this regard.

**2. Fourth Amendment**

Second, the Department demurs on the ground that Freemore failed to state a viable Fourth Amendment claim because Freemore, as an inmate, has no constitutional right to privacy in his nonprivileged prison mail.

The Fourth Amendment of the United States Constitution guarantees that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

6

"Official conduct that does not compromise any legitimate interest in privacy is not a search subject to the Fourth Amendment." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (internal citations omitted). The Fourth Amendment rights of prisoners are limited. *Hudson v. Palmer*, 468 U.S. 517 (1984) (holding that an inmate has no reasonable expectation of privacy in his prison cell entitling him to protection of the Fourth Amendment). "[An inmate] has no constitutional right to privacy in his non-privileged prison mail." *Commonwealth v. Moore*, 928 A.2d 1092, 1094 (Pa. Super. 2007) (citing *Stroud v. United States*, 251 U.S. 15, 21-22 (1919) (holding that there is no violation of the Fourth Amendment when letters containing incriminating material written by a prisoner were intercepted by prison personnel who came into possession under an established practice designed to promote institutional discipline)).[2]

Here, the publication in question was a nonprivileged magazine in which Freemore had no reasonable expectation of privacy. *See Moore*. SPC did not violate Freemore's Fourth Amendment rights when it inspected and removed pages it perceived as contraband from the publication. We, therefore, sustain the Department's demurrer to Freemore's Fourth Amendment claim.

### 3. Fourteenth Amendment

Next, the Department demurs on the basis that Freemore failed to state a due process claim relating to the lack of a confiscation slip. By utilizing the post-deprivation grievance process, Freemore was given an opportunity to be heard. Therefore, the Department maintains that Freemore's procedural due process rights

---

[2] Although we "are not bound by the Superior Court's precedents, . . . we may adopt the Superior Court's reasoning where persuasive." *Commonwealth v. Irland*, 153 A.3d 469, 482 (Pa. Cmwlth.), *aff'd*, 193 A.3d 370 (Pa. 2018).

were not violated. Further, Freemore points to no Department policy that guarantees a confiscation slip. Even if such a policy existed, administrative policies do not create enforceable rights in prison inmates.

The Fourteenth Amendment to the United States Constitution provides, in relevant part, that "no State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1. At its core, procedural due process requires notice and opportunity to be heard. *Whitaker v. Wetzel*, 170 A.3d 568, 574 (Pa. Cmwlth. 2017).

In the context of taking an inmate's property, procedural due process lies within the grievance process. *Id.* "When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations." *Shore v. Department of Corrections*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017). If an inmate can use the grievance process to raise concerns over and receive explanations for the taking of his property, procedural due process is satisfied. *Whitaker*, 170 A.3d at 574. This Court has held that the Department's inmate grievance system for handling inmate claims that the Department unlawfully withheld or confiscated personal property is an adequate post-deprivation remedy. *Shore*, 168 A.3d at 383.

Here, Freemore claimed that the Department had no authority to remove pages from his nonprivileged publication without providing a confiscation slip. However, Freemore does not point to a Department policy that guarantees a confiscation slip. Assuming such a policy does exist, administrative policies do not create enforceable rights in prison inmates triggering the inmates' due process

8

protection. *O'Toole v. Department of Corrections*, 196 A.3d 260, 266 (Pa. Cmwlth. 2018); *Shore*, 168 A.3d at 386; *Tindell v. Department of Corrections*, 87 A.3d 1029, 1035 (Pa. Cmwlth. 2014).

Notwithstanding, Freemore used the Department's grievance process to raise concerns over and receive explanations for the taking of his property, as evidenced by the exhibits attached to Freemore's Petition. By utilizing the post-deprivation grievance process, Freemore was afforded due process. Therefore, we sustain the Department's demurrer to Freemore's due process claim.

## 4. First Amendment

Finally, the Department demurs on the basis that Freemore failed to state a First Amendment claim because the mishandling of inmate mail does not constitute a First Amendment violation. Inmates do not have an absolute right to acquire and keep any property that they desire, and the Department is permitted to confiscate such property if doing so serves a legitimate penological interest. The pages removed were free samples containing lotion and/or perfume, which Freemore does not dispute. Lotion and/or perfume samples do not constitute protected speech, and are considered prison contraband, which inmates have no right to possess.

"[T]he First Amendment to the United States Constitution has long been interpreted by the courts as including a general right to communicate by mail." *Bussinger v. Department of Corrections*, 29 A.3d 79, 84 (Pa. Cmwlth. 2011), *aff'd*, 65 A.3d 289 (Pa. 2013). "This right, however, does not come without qualifications and circumscription, especially in the prison context." *Shore*, 168 A.3d at 379. "[I]nmates do not have an absolute right to acquire and keep any property they desire and the Department is permitted to deprive inmates of property if doing so is

9

reasonably related to a legitimate penological interest." *Id.*; *see Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (holding that a prison regulation restricting rights will be upheld against constitutional challenges, including the First Amendment, if the regulation bears a rational relationship to a legitimate penological interest). The inspection and confiscation of nonprivileged mail for contraband serves a legitimate penological interest. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

Here, Freemore's grievance documents show that the pages removed from his publications contained free samples of lotion and/or perfume. *See* Petition, Exhibits D and F. Lotion and perfume samples do not contain speech protected by the First Amendment. Even if they did, the First Amendment does not protect contraband. *See Wolff*, 418 U.S. at 576; *Monroe v. Beard*, 536 F.3d 198, 207-209 (3d Cir. 2008). As evidenced by the grievance documents attached to the Petition, the lotion and/or perfume samples were considered contraband by the prison, and Freemore's grievances were denied for that reason. Thus, Freemore has failed to state a claim under the First Amendment, and we sustain the Department's PO in this regard.

### C. Freemore's Motions

Having sustained the Department's POs in the nature of demurrer to all of Freemore's claims, Freemore is not entitled to judgment as a matter of law in any respect. Therefore, we dismiss both Motions.

### III. Conclusion

Upon review, Freemore has failed to state a claim upon which relief may be granted for his asserted Fourth Amendment, First Amendment and due

10

process claims. Accordingly, we sustain the Department's POs, dismiss Freemore's Motions, and dismiss Freemore's Petition with prejudice.

_____
MICHAEL H. WOJCIK, Judge

Judge Cohn Jubelirer concurs in the result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,              :
                             :
            Petitioner       :
                             :
       v.                    : No. 42 M.D. 2020
                             :
Department of Corrections,   :
                             :
            Respondent       :


# **O R D E R**


AND NOW, this 5<u>th</u> day of <u>August</u>, 2021, we SUSTAIN the Respondent's preliminary objections in the nature of demurrer, DISMISS Petitioner's Motion for Summary Relief and Motion for Judgment on the Pleadings, and DISMISS Petitioner's Petition for Review with prejudice.


_____
MICHAEL H. WOJCIK, Judge