IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole L. Custer,                                          :
              Petitioner                            :
                                              :
               v.                                      :   No. 564 M.D. 2018
                                              :   Submitted: July 29, 2022
Commonwealth, Department of State,        :
Bureau of Professional and                         :
Occupational Affairs, Kathy Boockvar,       :
Kalonji Johnson, Ian Harlow, State             :
Board of Occupational Therapy                   :
Education and Licensure, Kerri Hample,      :
Joanne M. Baird, Carolyn M. Gatty,            :
Christine L. Hischmann, Edward J.              :
Mihelcic, Commonwealth, Department        :
of Human Services, and Teresa D.              :
Miller,                                                           :
                  Respondents

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                  FILED:  December 7, 2022

          Nicole L. Custer has filed an amended petition for review in this Court's

original jurisdiction, alleging in Counts III and V that Kathy Boockvar, Kalonji

Johnson, Ian Harlow, Kerri Hample, Joanne M. Baird, Carolyn M. Gatty, Christine

L. Hischmann, Edward J. Mihelcic, and Teresa D. Miller (Individual Respondents)[1]

---

[1] Custer's amended petition for review was filed against the Department of State, Bureau of Professional and Occupational Affairs (Department of State), the State Board of Occupational Therapy Education and Licensure (State Board), the Department of Human Services, and Individual Respondents (collectively, Respondents), raising a total of nine counts. Count I seeks mandamus relief against the Department of State and the State Board to deem Custer's occupational therapist license renewed as of July 5, 2017, or, alternatively, conduct a fair and

violated her procedural and substantive due process rights protected under Section 1 of the Fourteenth Amendment to the United States Constitution. U.S. CONST. amend. XIV, §1. After this Court overruled Individual Respondents' preliminary objections in the nature of a demurrer to Counts III and V, *Custer v. Department of State, Bureau of Professional and Occupational Affairs* (Pa. Cmwlth., No. 564 M.D. 2018, filed October 29, 2020) (unreported) (*Custer II*), Individual Respondents filed an answer with new matter to the amended petition. Custer responded to the new matter and now applies for summary relief in the nature of judgment on the pleadings, on Counts III and V. For the reasons that follow, we grant the application.

## I. Pleadings

The amended petition for review alleges that Custer is an occupational therapist who treats disabilities in newborns and young children. Custer was first licensed as an occupational therapist in 2003, pursuant to the Occupational Therapy Practice Act (Act), Act of June 15, 1982, P.L. 502, No. 140, *as amended*, 63 P.S. §§1501-1519. Amended Petition for Review ¶4.

---

adequate hearing on the matter. Count II seeks a declaratory judgment that Custer's license was renewed as of July 5, 2017, and Respondents may not take any administrative, disciplinary, civil, or criminal action against her for allegedly unlicensed activity. Count III asserts that Individual Respondents violated Custer's procedural due process rights protected under the United States Constitution by refusing to acknowledge the renewal of her license on July 5, 2017. Count IV asserts that Respondents have violated her due process rights under the Pennsylvania Constitution. Count V asserts a substantive due process claim under the United States Constitution against Individual Respondents for refusing to acknowledge her July 5, 2017, license renewal. Count VI asserts a substantive due process claim under the Pennsylvania Constitution against Respondents. Count VII asserts a claim that Individual Respondents have violated Custer's right to equal protection under the United States Constitution by refusing to acknowledge the renewal of her license on July 5, 2017. Count VIII asserts an equal protection claim under the Pennsylvania Constitution against Respondents. Count IX seeks an injunction against Respondents to restrain their unconstitutional conduct.

On June 30, 2017, Custer submitted a license renewal application to the Department of State's website and paid the renewal fee. Amended Petition ¶22. On July 5, 2017, Custer received a "License Renewal Discrepancy Letter" by email from the Department. *Id.* ¶23, Ex. 1. The email acknowledged receipt of her renewal application and advised that she had to complete a course on child abuse recognition before her license would be renewed. *Id.* ¶24, Ex. 1. The email stated, *inter alia*, that Custer should not "reply to this email and/or submit a paper copy of [her] certification of completion" because "[p]roof of completing the course must be submitted electronically from the course provider to the [State] Board." *Id.* ¶24, Exs. 1-2.

That same day, Custer completed the required child abuse recognition course online through the University of Pittsburgh School of Social Work, Pennsylvania Child Welfare Resource Center (University). Amended Petition ¶32. As directed by the Department of State's email, Custer did not submit any documentation showing that she had completed the course.

On February 12, 2018, Custer submitted claims for payment to the Department of Human Services for occupational therapy services she had rendered to Medical Assistance enrollees. *Id.* ¶39. The Department of Human Services informed her that her license was expired. *Id.* ¶40. Custer contacted the State Board and learned that it marked her license as "expired" because it had not received certification from the University that she had completed the course on child abuse recognition. *Id.* ¶41. Custer immediately re-took the course, and the State Board reactivated her license on February 27, 2018. *Id.* ¶¶42-43. Custer then contacted the University to determine why she had not been credited for the course she completed on July 5, 2017. *Id.* ¶45. She learned that the University had mistakenly

3

credited her husband, who is also a professional licensee subject to this course requirement. *Id*. ¶53. The University corrected the mistake and reported to the State Board that Custer completed the course on July 5, 2017. *Id*. ¶55.

When Custer contacted the State Board to request a renewal of her license as of June 30, 2017, the Board Administrator responded, "[u]nfortunately the [State] Board cannot make the change retroactive. All the renewal requirements must be met, received, and processed on or before the 30 days after expiration." *Id*. ¶60. Custer requested information on how to appeal that decision, but she did not receive a response. *Id*. ¶¶61-62.

In April 2018, the Department of Human Services notified Custer that because her license had been expired for the period between June 30, 2017, and February 26, 2018, she owed the Department of Human Services $50,307.84, which was the amount it had paid to her for services she rendered during that period to patients enrolled in Medical Assistance. *Id*. ¶75. Custer again requested the State Board to correct the mistake of its agent, the University, by reactivating her license as of June 30, 2017. *Id*. ¶77, Ex. 12. The Department of State and the State Board refused. *Id*. ¶80.

In Count III of the amended petition, Custer asserts that Individual Respondents violated her procedural due process rights protected under the Fourteenth Amendment to the United States Constitution[2] by refusing to acknowledge that her license renewed on July 5, 2017. In Count V, Custer asserts a substantive due process claim under the Fourteenth Amendment to the United States

---

[2] The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, §1.

4

Constitution against Individual Respondents for refusing to acknowledge her July 5, 2017, license renewal.

Individual Respondents filed preliminary objections in the nature of a demurrer to Counts III and V, which this Court overruled in *Custer II*. Therein, we held that Custer had a property interest in her license, protected by due process under the Fourteenth Amendment to the United States Constitution. The amended petition stated a procedural due process claim by alleging that her request for a hearing on her erroneous license non-renewal was denied. *Id.*, slip op. at 13-14. We also held that Custer has a substantive due process right to pursue her profession. *Id.*, slip op. at 14. The amended petition alleges that the State Board did not renew Custer's license, and even though she followed the State Board's directions, she was denied a hearing; and Custer received a demand from the Department of Human Services to return the fees she had earned while working with so-called "expired" license. These allegations of arbitrary conduct stated a substantive due process claim. *Id.*, slip op. at 15. We rejected Individual Respondents' contention that Custer was required to establish the personal involvement of each Respondent. Rather, Custer was required only to name the official or officials "who can appropriately respond to injunctive relief," and she did so in the amended petition for review. *Id.*, slip op. at 13 (quoting *Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) (internal citation omitted)).

Individual Respondents then filed an answer to the amended petition, in which they admit to the following. Custer received no contact from the State Board or the Department of State about her license status until February 2018. Answer ¶37; Amended Petition ¶37. On March 2, 2018, Custer emailed the State Board, summarizing what had happened and requesting that her license be renewed

5

retroactively. Answer ¶57; Amended Petition ¶57. On March 5, 2018, the State Board Administrator replied, "[u]nfortunately the Board cannot make the change retroactive. *All the renewal requirements must be met, received, and processed on or before the 30 days after expiration*." Answer ¶60; Amended Petition ¶60 (emphasis added). Custer responded that "[e]verything was completed prior to the renewal deadline" and requested an opportunity to "appeal this or come in front of the [B]oard to review this." Answer ¶61; Amended Petition ¶61. Custer received no response from the State Board. Answer ¶62; Amended Petition ¶62. On March 6, 2018, Custer asked that the State Board forward her email to the chief of the health licensing boards and, again, received no response. Answer ¶¶63-64; Amended Petition ¶¶63-64. Individual Respondents' answer denies that Custer "was entitled to additional process or the back-dating of her license[.]" Answer ¶67.

In new matter, Individual Respondents assert that the Department of State and the State Board do not have a policy of providing 30 additional days from license expiration to renew a license, as this Court found in a single-judge opinion in *Custer v. Department of State, Bureau of Professional and Occupational Affairs* (Pa. Cmwlth., No. 564 M.D. 2018, filed June 18, 2019) (Brobson, J.) (single-judge opinion) (*Custer I*).[3] In any event, Section 42.16 of the State Board's regulations

---

[3] By way of background, in August of 2018, Custer filed a dual jurisdiction petition for review with this Court against Respondents. The appellate portion of the petition for review sought to appeal the July 11, 2018, letter from the Department of State and the State Board. The original jurisdiction portion of the petition asserted claims for a writ of mandamus, a declaratory judgment, and violations of procedural and substantive due process under the United States and Pennsylvania Constitutions. Custer asked, *inter alia*, that this Court declare that her license was renewed as of June 30, 2017. Respondents moved to quash the appellate claim and to dismiss the original jurisdiction claim. In a single-judge opinion, the Court granted the motion to quash the appellate claim; sustained the preliminary objections to the original jurisdiction claim; and dismissed the petition for review with prejudice. In so doing, the Court concluded that pursuant to the facts as pleaded, Custer did not have a clear legal right to have her license renewed as of June 30, 2017,

provides that an occupational therapist shall renew her license on or before "June 30 of every odd numbered year" by completing the renewal application, paying the required fee, and certifying completion of the specified continued competence requirements. 49 Pa. Code §42.16. Here, Custer acknowledges that she did not complete the continuing education course before her license expired on June 30, 2017. Individual Respondents further assert that the course provider is not an agent of the Department of State or the State Board, and the provider's mistakes should not be assigned to Respondents.

In her answer to the new matter, Custer asserts that a three-judge panel of this Court accepted as true the well-pleaded allegation that the State Board gives licensees an additional 30 days after the expiration of their licenses to submit documentation to show that their renewal requirements were met. *Custer II* (Pa. Cmwlth., No. 564 M.D. 2018, filed October 29, 2020). The three-judge panel also found that the University, the course provider, acted as an agent of the State Board. *Id.*, slip op. at 2, 5, 12.

## II. Motion for Judgment on the Pleadings

In her motion, Custer argues that she is entitled to judgment on the pleadings under 42 U.S.C. §1983[4] with respect to her procedural due process claim

---

because she did not complete the continuing education course by that date. Custer filed an application for reconsideration on her original jurisdiction claim and sought leave to file an amended petition for review. This Court granted reconsideration and leave for the filing of an amended petition for review. Custer's amended petition for review, upon which she filed the instant application for relief in the nature of a motion for judgment on the pleadings, claims that her license should be renewed as of July 5, 2017, when she completed the continuing education course.

[4] Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

raised in Count III of the amended petition for review because she has a protected property interest in her occupational therapist license, as this Court held. The pleadings demonstrate that Custer was denied notice of the expiration of her license and also an opportunity to be heard. Custer also argues that she is entitled to judgment on the pleadings under 42 U.S.C. §1983 on her substantive due process claim raised in Count V of the amended petition because although she followed the State Board's directions, her license expired without her being so informed, and then the Department of Human Services demanded a return of fees she earned while working with a so-called "expired" license. The pleadings demonstrate that Individual Respondents deprived her of the right to pursue her profession in an unreasonable, arbitrary, and irrational manner. Custer further requests that this Court award her attorney's fees pursuant to 42 U.S.C. §1988.[5]

Individual Respondents respond that Custer's motion must be denied because the pleadings demonstrate disputed material facts as to whether and when Custer completed the continuing education course. In support, Individual Respondents attached to their brief the affidavit of Jeff Kelley, an engineer with Blackboard, Inc. and owner of the course management system used by the University. Kelley reviewed the access data generated by Blackboard and testified

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983.

[5] The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. §1988, provides that a court, within its discretion, may award reasonable attorney's fees to a prevailing party in certain types of actions, including those under 42 U.S.C. §1983.

that, while one username associated with Custer logged into the course management system on July 7, 2017, that username did not access the child abuse recognition course on that day. Respondents' Brief, Ex. B.

Individual Respondents further argue that Custer did not have a property interest in her license after June 30, 2017, on which date the license "shall expire" under Section 15(a) of the Act, 63 P.S. §1515(a). Custer acknowledges that she did not complete the required child abuse recognition course on or before June 30, 2017, as required by Section 42.16 of the State Board regulations, 49 Pa. Code §42.16. As such, Respondents contend that Custer was "no longer legally entitled to her license." Respondents' Brief at 11.

### III. Discussion

Pennsylvania Rule of Appellate Procedure 1532(b) provides that, at any time after the filing of a petition for review in an original jurisdiction matter, the court on application may enter judgment if the right of the applicant is clear. PA. R.A.P. 1532(b).[6] When ruling on a motion for judgment on the pleadings, we view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted are considered against the opposing party. *Parish v. Horn*, 768 A.2d 1214, 1215 n.1 (Pa. Cmwlth. 2001). We consider only the pleadings themselves and any documents properly attached to them. *Id.* We grant judgment on the pleadings only when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Id.*

Pennsylvania Rule of Civil Procedure 1017 defines "pleading" as: "(1) a complaint and an answer thereto, (2) a reply if the answer contains new matter, a

---

[6] The *Note* to PA. R.A.P. 1532 states that PA. R.A.P. 1532(b) authorizes the type of relief envisioned by the Rules of Civil Procedure with respect to judgment on the pleadings. *See* PA. R.CIV.P. 1034 (relating to judgment on the pleadings).

9

counterclaim or a cross-claim, (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter, [and] (4) a preliminary objection and a response thereto." PA. R.CIV.P. 1017. The affidavit of Jeff Kelley submitted with Individual Respondents' brief is not part of the pleading, and we cannot consider it as such. *See Smith v. Beard*, 26 A.3d 551, 558-59 (Pa. Cmwlth. 2011) (although petitioner asserted additional explanations and facts in his brief in opposition to preliminary objections, a brief is not a pleading).

Even so, in determining whether Custer is entitled to judgment on the pleadings with respect to her procedural due process claim, this Court need not find whether and when Custer satisfied the continuing education requirements for her license renewal. The basic elements of procedural due process are "adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). Courts examine procedural due process claims in two steps: "the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient." *Id.*

Individual Respondents acknowledge that Custer has a protected property interest in her license that triggers procedural due process protection. Respondents' Brief at 11-12. *See also Khan v. State Board of Auctioneer Examiners*, 842 A.2d 936, 945 (Pa. 2004). Individual Respondents admit that Custer's license expired without her being so informed, and her request for a hearing was denied even though she informed the State Board that she followed its directions for the license renewal. Answer ¶¶57, 61-66; Amended Petition ¶¶57, 61-66. These undisputed facts established that Individual Respondents violated Custer's

10

procedural due process rights protected under the United States Constitution. Factual disputes such as whether or when Custer took the child abuse recognition course should be resolved through an appropriate due process hearing before the State Board.

We reject Individual Respondents' argument that Section 15(a) of the Act and the State Board regulations mandate that Custer satisfy each and every requirement for her license renewal on or before June 30, 2017, and that her failure to do so has caused her to lose her property interest in the license. Section 15(a) of the Act states:

> (a) A license issued under this act shall be renewed biennially upon payment of the renewal fee prescribed in section 17. *It shall expire unless renewed in the manner prescribed by the regulations of the board. The board may provide for the late renewal of a license upon the payment of a late fee. A late renewal of a license shall not be granted more than four years after its expiration.* A license shall be renewed after the four-year period only by complying with section 11. The board may establish additional requirements for license renewal designed to assure continued competency of the applying occupational therapist or occupational therapy assistant.

63 P.S. §1515(a) (emphasis added).

In short, the legislature authorized the State Board to prescribe the manner for occupational therapist license renewal and also envisioned a statutory scheme for a late renewal of the license. Consistent with the statute, Section 42.16(c)-(d) of the State Board regulations provided, at the time Custer's license expired on June 30, 2017, in pertinent part:

> (c) To retain the right to engage in practice, the licensee shall renew his license in the manner prescribed by the Board and pay the required fee prior to the expiration of the next biennium.

11

(d) When a license is renewed beyond June 30 of an odd numbered year, a penalty fee of $5 for each month or part of a month that the licensee has engaged in practice beyond the renewal date will be charged in addition to the renewal fee.

*Former* 49 Pa. Code §42.16(c)-(d).[7]

The statute and the State Board regulations existing at the time when Custer's license expired did not mandate that a licensee satisfy all of the requirements for license renewal on or before June 30, 2017. Rather, late renewal was permitted "upon the payment of a late fee," which was "$5 for each month or part of a month that the licensee has engaged in practice beyond the renewal date[.]" *Id*. The State Board Administrator's March 5, 2018, email is consistent with this statutory scheme, which stated that "[a]ll the renewal requirements must be met, received, and processed on or before the 30 days after expiration." Amended

---

[7] Section 42.16 was amended on May 5, 2018. Section 42.16(c)-(d) now states, in pertinent part:

(c) To retain the right to engage in practice, the licensee shall renew the licensee's license biennially as follows:

(1) An occupational therapist shall complete the biennial renewal application, pay the required fee, certify completion of the continued competence requirement as specified in §42.53 (relating to continued competency requirements) and certify maintenance of the required professional liability insurance coverage as specified in §42.61 (relating to professional liability insurance requirement) which must include the insurance company name and policy number, as applicable.

(2) An occupational therapy assistant shall complete the biennial renewal application, pay the required fee and certify completion of the continued competence requirement as specified in §42.53.

(d) As set forth in section 225 of the Bureau of Professional and Occupational Affairs Fee Act[, Act of July 1, 1978, P.L. 700] (63 P.S. §1401-225), a licensee who has engaged in practice beyond the renewal date without renewing the license will be charged a fee of $5 for each month or partial month of practice during which the license was not renewed, in addition to the biennial renewal fee.

49 Pa. Code §42.16(c)-(d).

12

Petition ¶60, Ex. 2. We find no merit in Individual Respondents' argument that Custer's acts or omissions are responsible for her loss of her license.

Individual Respondents' reliance on the single-judge opinion in *Custer I* is likewise misplaced. *Custer I* dismissed Custer's initial petition for review seeking, *inter alia*, a declaration that her license was renewed as of June 30, 2017, for the stated reason that she had not completed the continuing education course by that date. *Id.*, slip op. at 8 (emphasis in original). Subsequently, this Court granted for reconsideration and granted Custer leave to file an amended petition for review.[8] In short, *Custer I* made no finding on the State Board's policy, and it does not support Individual Respondents' position that Custer did not have a property interest in her license.

Based upon the foregoing, we also conclude that Custer is entitled to judgment on the pleadings on her substantive due process claim. "The substantive protections of due process are meant to protect citizens from arbitrary and irrational actions of the government." *Gresock v. City of Pittsburgh Civil Service Commission*, 698 A.2d 163, 169 (Pa. Cmwlth. 1997) (citation omitted). "The constitutional analysis applied to the laws that impede upon these inalienable rights is a means-end review, legally referred to as a substantive due process analysis." *Nixon v. Commonwealth*, 839 A.2d 277, 286 (Pa. 2003). Where a law restricts an important, but not fundamental right, such as the right to pursue a particular occupation, courts apply a rational basis test. *Id.* at 287. Under that standard, the law being examined "must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained." *Id.* (citation omitted) (footnote omitted).

---

[8] *See supra* at 6-7, note 3.

13

Individual Respondents acknowledge that the right to pursue one's profession is a protected property right, and any restriction on that right must be rational. Respondents' Brief at 11-12, 14. Their argument that Custer does not have a protected due process right because she did not comply with Section 15(a) of the Act and the State Board regulations is at odds with the plain terms of the statute and regulations and the case law. In *Brown v. State Board of Pharmacy*, 566 A.2d 913 (Pa. Cmwlth. 1989), this Court held that a pharmacist possessed a property right in his suspended pharmacy license and was entitled to due process protection when petitioning the State Board of Pharmacy for reinstatement of the license. Here, Custer's license was not suspended or revoked. The pleadings demonstrate that Individual Respondents let Custer's license expire even though she followed the State Board's directions and paid the renewal fee. Individual Respondents deprived Custer of her right to pursue her profession in an unreasonable, arbitrary, and irrational manner. *Nixon*, 839 A.2d at 286-87.

In sum, we hold that Custer is entitled to judgment on the pleadings with respect to her procedural and substantive due process claims. As a prevailing party under 42 U.S.C. §1988, Custer is entitled to an award of her reasonable attorney's fees. *See Ladley v. Pennsylvania State Education Association*, 269 A.3d 680, 688 (Pa. Cmwlth. 2022) (quoting *Romain v. Walters*, 856 F.3d 402, 407 (5th Cir. 2017) (in the absence of special circumstances, a court must award fees to the prevailing plaintiff)). Individual Respondents do not argue that special circumstances exist in this case that warrant denial of the award of the attorney's fees.

14

## IV. Conclusion

We grant Custer's motion for judgment on the pleadings with respect to the procedural and substantive due process claims stated in Counts III and V of the amended petition for review. Custer is entitled to a due process hearing before the State Board on whether she is entitled to a renewal of her license as of July 5, 2017. Factual disputes such as whether or when Custer took the child abuse recognition course should be resolved through the hearing before the State Board.

We also conclude that Custer is entitled to an award of her reasonable attorney's fees and may submit a fee petition pursuant to 42 U.S.C. §1988.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Covey and Judge Fizzano Cannon did not participate in the decision in this case.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole L. Custer, :
               Petitioner :
                :
          v. : No. 564 M.D. 2018
                :
Commonwealth, Department of State, :
Bureau of Professional and :
Occupational Affairs, Kathy Boockvar, :
Kalonji Johnson, Ian Harlow, State :
Board of Occupational Therapy :
Education and Licensure, Kerri Hample, :
Joanne M. Baird, Carolyn M. Getty, :
Christine L. Hischmann, Edward J. :
Milhelcic, Commonwealth, Department :
Of Human Services, and Theresa D. :
Miller, :
               Respondents

## O R D E R

AND NOW, this 7th day of December, 2022, Nicole L. Custer's (Petitioner) application for relief in the nature of a motion for judgment on the pleadings with respect to Counts III and V of the amended petition for review is GRANTED. The State Board of Occupational Therapy Education and Licensure is directed to afford Petitioner an administrative hearing consistent with the accompanying opinion.

Petitioner shall submit a petition for attorney's fees pursuant to 42 U.S.C. §1988 within 30 days of the entry of this order. This order will become final for appeal purposes upon disposition of the petition for attorney's fees.

_____
MARY HANNAH LEAVITT, President Judge Emerita